**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

| | | |
|---|---|---|
| **KYLE FIKES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:26-CV-00265-BJB** |
| | ) | |
| **THE PNC FINANCIAL SERVICES** | ) | |
| **GROUP, INC.,** | ) | |
| | ) | |
| **Defendant** | ) | |

<u>**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT**</u>

PNC Bank, National Association ("PNC Bank, N.A.")[1] (hereinafter "PNC"), by its

attorneys, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, submits its

Answer and Affirmative and Other Defenses to Plaintiff's Complaint as follows:

**I. <u>NATURE OF THE CASE</u>**

<u>**COMPLAINT ¶1:**</u>

This is an action brought by Plaintiff, Kyle Fikes ("Fikes" or "Plaintiff"), by counsel,
against Defendant, The PNC Financial Services Group, INC. ("Defendant") alleging violations of
Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e *et. seq.*

<u>**ANSWER:**</u>

PNC admits the allegations in Paragraph No. 1 of the Complaint for jurisdictional purposes

only. PNC denies the remaining allegations in Paragraph No. 1 of the Complaint and denies it

engaged in any wrongdoing and that Plaintiff is entitled to any relief whatsoever.

---

[1] Plaintiff was employed by PNC Bank, N.A., not The PNC Financial Services Group, Inc..
Throughout the answer where it states "PNC" it is referring to the proper defendant, PNC Bank,
N.A.

## II.  <u>PARTIES</u>

**<u>COMPLAINT ¶2:</u>**

Fikes is a resident of Warrick County, Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

**<u>ANSWER:</u>**

On information and belief, PNC admits the allegations in Paragraph No. 2 of the Complaint.

**<u>COMPLAINT ¶3:</u>**

Defendant maintains offices and routinely conducts business within the geographical boundaries of the Western District of Kentucky.

**<u>ANSWER:</u>**

PNC admits the allegations in Paragraph No. 3 of the Complaint.

## III.  <u>JURISDICTION AND VENUE</u>

**<u>COMPLAINT ¶4:</u>**

Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. §2000e-5(f)(3).

**<u>ANSWER:</u>**

PNC admits the allegations in Paragraph No. 4 of the Complaint for jurisdictional purposes only. PNC denies it engaged in any wrongdoing and that Plaintiff is entitled to any relief whatsoever.

**<u>COMPLAINT ¶5:</u>**

Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

**<u>ANSWER:</u>**

PNC admits the allegations in Paragraph No. 5 of the Complaint.

**<u>COMPLAINT ¶6:</u>**

Fikes was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

**ANSWER:**

PNC admits the allegations in Paragraph No. 6 of the Complaint.

**COMPLAINT ¶7:**

Fikes satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination (Charge No. 474-2025-01457) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on his sex and retaliation. Fikes received his Notice of Suit Rights and timely files this action.

**ANSWER:**

PNC admits Plaintiff filed a Charge No. 474-2025-01457 with the EEOC alleging

discrimination based on sex and retaliation. PNC lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations in Paragraph No. 7 of the Complaint.

**COMPLAINT ¶8:**

A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Western District of Kentucky; thus, venue is proper in this court.

**ANSWER:**

PNC admits the allegations in Paragraph No. 8 for purposes of venue only. PNC denies it

engaged in any wrongdoing and that Plaintiff is entitled to any relief whatsoever.

## IV. FACTUAL ALLEGATIONS

**COMPLAINT ¶9:**

Fikes, who is male, was hired by Defendant on or about April 21, 2025, as a Branch Banker Senior.

**ANSWER:**

PNC admits the allegations in Paragraph No. 9 of the Complaint.

**COMPLAINT ¶10:**

At all relevant times, Fikes met or exceeded Defendant's legitimate performance expectations.

3

**ANSWER:**

PNC denies the allegations in Paragraph No. 10 of the Complaint.

**COMPLAINT ¶11:**

Fikes reported to Robin Koller ("Koller"), Branch Manager.

**ANSWER:**

PNC admits the allegations in Paragraph No. 11 of the Complaint.

**COMPLAINT ¶12:**

Koller sexually harassed Fikes during his employment. For example, a week after Fikes began employment, while in the back of the branch, Koller came up behind him and began rubbing his shoulders. A few weeks later, while in front of the branch, Koller rubbed Fike's back.

**ANSWER:**

PNC denies the allegations in Paragraph No. 12 of the Complaint.

**COMPLAINT ¶13:**

The following week, Fikes learned that Koller had been sexually harassing other men. For example, during a morning meeting, Koller apologized to William Devereaux ("Devereaux"), for making him feel uncomfortable when she touched him.

**ANSWER:**

PNC denies the allegations in Paragraph No. 13 of the Complaint.

**COMPLAINT ¶14:**

On or about May 18, 2025, Fikes engaged in protected activity when he submitted a complaint to Human Resources and Defendant failed to take appropriate remedial action.

**ANSWER:**

PNC denies the allegations in Paragraph No. 14 of the Complaint.

**COMPLAINT ¶15:**

On or about May 21, 2025, Koller told Fikes that he was "so cute" and physically touched him twice.

**ANSWER:**

PNC denies the allegations in Paragraph No. 15 of the Complaint.

**COMPLAINT ¶16:**

On or about May 24, 2025, Fikes mentioned to Allie Vanover ("Vanover"), Head Teller, that he did not like being touched by Koller without knowing they were close friends.

**ANSWER:**

PNC denies the allegations in Paragraph No. 16 of the Complaint.

**COMPLAINT ¶17:**

Immediately after, Koller began treating Fikes differently by cutting off communication with him and ostracizing him from the group.

**ANSWER:**

PNC denies the allegations in Paragraph No. 17 of the Complaint.

**COMPLAINT ¶18:**

On or about June 24, 2025, Defendant placed Fikes on administrative leave, indicating that it had to investigate an issue that arose and made him return his keys.

**ANSWER:**

PNC admits the allegations in Paragraph No. 18 of the Complaint.

**COMPLAINT ¶19:**

Over the next six weeks, Defendant manufactured allegations against Fikes that repeatedly made it clear that it was intent on terminating his employment.

**ANSWER:**

PNC denies the allegations in Paragraph No. 19 of the Complaint.

**COMPLAINT ¶20:**

On or about August 9, 2025, Fikes was constructively discharged from his employment.

**ANSWER:**

PNC denies the allegations in Paragraph No. 20 of the Complaint.

## V.  CAUSES OF ACTION

### COUNT I: TITLE VII – SEXUAL HARASSMENT

**COMPLAINT ¶21:**

Fikes hereby incorporates paragraphs one (1) through twenty (20) of his Complaint as if the same were set forth at length herein.

**ANSWER:**

PNC repeats each statement made in response to Paragraphs Nos. 1 through 20 of the Complaint as if the same were set forth at length herein.

**COMPLAINT ¶22:**

Fikes was sexually harassed and subjected to a hostile work environment.

**ANSWER:**

PNC denies the allegations in Paragraph No. 22 of the Complaint.

**COMPLAINT ¶23:**

Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*.

**ANSWER:**

PNC denies the allegations in Paragraph No. 23 of the Complaint.

**COMPLAINT ¶24:**

Defendant's actions were willful, intentional, and done with reckless disregard for Fikes' civil rights.

**ANSWER:**

PNC denies the allegations in Paragraph No. 24 of the Complaint.

**COMPLAINT ¶25:**

Fikes has suffered damages as a result of Defendant's unlawful actions.

**ANSWER:**

PNC denies the allegations in Paragraph No. 25 of the Complaint.

## COUNT II: TITLE VII – RETALIATION

**COMPLAINT ¶26:**

Fikes hereby incorporates paragraphs one (1) through twenty-five (25) of his Complaint as if the same were set forth at length herein.

**ANSWER:**

PNC repeats each statement made in response to Paragraphs Nos. 1 through 25 of the Complaint as if the same were set forth at length herein.

**COMPLAINT ¶27:**

Defendant terminated Fikes' employment in retaliation for engaging in a protected activity.

**ANSWER:**

PNC denies the allegations in Paragraph No. 27 of the Complaint.

**COMPLAINT ¶28:**

Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*.

**ANSWER:**

PNC denies the allegations in Paragraph No. 28 of the Complaint.

**COMPLAINT ¶29:**

Defendant's actions were willful, intentional, and done with reckless disregard for Fikes' civil rights.

**ANSWER:**

PNC denies the allegations in Paragraph No. 29 of the Complaint.

**COMPLAINT ¶30:**

Fikes has suffered damages as a result of Defendant's unlawful actions.

**ANSWER:**

PNC denies the allegations in Paragraph No. 30 of the Complaint.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Kyle Fikes, respectfully requests that this Court enter judgment in his favor and award the following relief:

1.      Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their sex and/or retaliates against any employee after engaging in a protected activity;

2.      Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof

3.      Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4.      Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5.      Award Plaintiff compensatory damages for violations of Title VII;

6.      Award Plaintiff punitive damages for Defendants' violations of Title VII;

7.      Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

8.      Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

9.      Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

## ANSWER:

This Paragraph constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, PNC denies that Plaintiff is entitled to the relief set forth in the Requested Relief paragraph, or relief of any kind from PNC.

## DEMAND FOR JURY TRIAL

Plaintiff, Kyle Fikes, by counsel, requests a trial by jury on all issues deemed so triable.

## ANSWER:

PNC denies Plaintiff presents any issues triable to a jury.

8

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

### SECOND DEFENSE

All employment actions taken with respect to Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons.

### THIRD DEFENSE

To the extent Plaintiff alleges that any employee of PNC acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by PNC, and was undertaken without the knowledge or consent of PNC. Thus, PNC is not liable for any such conduct, if it occurred.

### FOURTH DEFENSE

PNC asserts that even if some impermissible motive was a factor in any employment decision concerning Plaintiff, a claim that PNC expressly denies, the same decision(s) would have been reached for legitimate business reasons.

### FIFTH DEFENSE

To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because PNC exercised reasonable care to prevent and promptly correct any alleged discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities.

### SEVENTH DEFENSE

To the extent Plaintiff failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

### EIGHTH DEFENSE

Plaintiff is not entitled to punitive damages because PNC made good faith efforts to comply with all applicable laws.

### NINTH DEFENSE

To the extent that Plaintiff failed to exhaust administrative remedies, his claims are barred in whole or part.

### TENTH DEFENSE

PNC at all times, and in all manners, acted in accordance with any and all duties and obligations that it may have had under the laws, regulations, and/or public policy of the United States of America, or otherwise.

### ELEVENTH DEFENSE

Plaintiff's own culpable conduct caused, in whole or in part, any damages he allegedly suffered.

### TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of after-acquired evidence.

WHEREFORE, PNC respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint in its entirety and award PNC its reasonable costs, expenses, and any and all other relief the Court deems just and proper.

DATED: June 30, 2026

Respectfully submitted,

PNC BANK, N.A.

By:*/s/ Kathleen C. Tranter*

Kathleen C. Tranter (KY Bar No. 95316)
ktranter@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:  312.460.5000
Facsimile:   312.460.7000

*Attorneys for Defendant*

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on June 30, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court via the Court's CM/ECF System which sent electronic notification to counsel.

*/s/ Kathleen C. Tranter*
Kathleen C. Tranter

325950005v.3